UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-cv-23675-XXXX

BIANCA CHAMBERS,

    Plaintiff,

vs.

FAÇADE AND ENVELOPE ENGINEERING
CONSULTANTS, LLC,
a Florida Limited Liability Company, and
MANUEL MORALES, individually,

    Defendants.
_____/

## COMPLAINT

Bianca Chambers ("Plaintiff"), by and through the undersigned counsel, hereby sues Face and Envelope Engineering Consultants, LLC ("Façade") and Manuel Morales ("Morales") and alleges as follows:

### INTRODUCTION

1.    This is an action for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2.    Plaintiff seeks damages in excess of this court's jurisdiction requirements, reasonable attorneys' fees and costs, and all other remedies allowable by law.

### PARTIES, JURISDICTION, AND VENUE

3.    Façade is and was a Florida limited liability company conducting business in Broward County, FL during the relevant period.

4. During the relevant period, Morales was an owner and managing member of Façade.

5. Plaintiff was formerly employed by Defendants and performed work for Defendants in Broward County, Florida.

6. Venue is proper in this Court because Defendants transact business in Miami-Dade County, Defendants employed Plaintiff in Miami-Dade County, and the claims arose within Miami-Dade County.

## GENERAL ALLEGATIONS

A. **Defendants' Business and Interstate Commerce.**

7. Façade is and was a Florida limited liability company providing building envelope consulting and engineering services.

8. Upon information and belief, Façade's annual volume of sales or business exceeded $500,000 for each year during the relevant period.

9. At all relevant times, Façade employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

10. Upon information and belief, Façade obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

11. Façade accepts credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

12. Façade in an employer engaged in interstate commerce and subject to the FLSA.

**B. Defendants' Employment of Plaintiff.**

13. Plaintiff became employed by Façade in or around November of 2017.

14. Plaintiff's separation from Façade occurred on or around May 24, 2019.

15. Plaintiff was controlled and supervised by Morales during her entire employment with Façade.

16. Morales was responsible for paying Plaintiff.

17. Plaintiff was hired by Morales.

18. Defendants were Plaintiff's employers during the relevant period as the term employer is defined by 29 U.S.C. § 203.

**C. Plaintiff Was Consistently Deprived Of Overtime Wages.**

19. Plaintiff was compensated on an hourly basis by Façade during part of the relevant.

20. Plaintiff was not exempt from the FLSA's overtime requirements when she worked as an hourly employee.

21. Plaintiff customarily and regularly worked over forty (40) hours a week for Façade as an hourly employee.

22. Defendants, however, failed to compensate Plaintiff at the rate of time-and-a-half for all hours worked over forty (40) in a given workweek.

23. Defendants also failed to keep accurate records of the hours worked by Plaintiff.

24. Plaintiff was generally paid a salary during part of her employment with Façade.

25. Plaintiff, however, did not meet the duties test for any FLSA exemption.

26. Plaintiff was entitled to overtime compensation during her entire employment with Façade.

27. Defendants' FLSA violations were willful and intentional.

## COUNT I
## OVERTIME VIOLATION BY FAÇADE UNDER THE FAIR LABOR STANDARDS ACT

28. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 27 above as if fully set forth herein.

29. Upon information and belief, Façade's annual volume of sales or business exceeded $500,000 for each year during the relevant period.

30. At all relevant times, Façade employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

31. Upon information and belief, Façade obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

32. Façade, upon information and belief, accepts credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

33. Façade is an employer engaged in interstate commerce and subject to the FLSA.

34. During her employment with Façade, Plaintiff worked overtime hours for which she was not compensated at a rate of time-and-a-half her regular rate of pay as required by the FLSA.

35. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

36. In addition, Façade is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Façade under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

### COUNT II
### OVERTIME VIOLATION BY MORALES UNDER THE FAIR LABOR STANDARDS ACT

37. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 27 above as if fully set forth herein.

38. During the relevant period, Morales was an owner, managing member, and operator of Façade.

39. During the relevant period, Morales operated the day-to-day activities of Façade, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

40.     Morales was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

41.     During Plaintiff's employment with Defendants, Plaintiff worked overtime hours for which Plaintiff was not compensated at a rate of time-and-a-half Plaintiff's regular rate of pay as required by the FLSA.

42.     Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

43.     Morales is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.      Enter judgment against Morales under the FLSA;

b.      Award Plaintiff actual damages for the unpaid wages;

c.      Award Plaintiff liquidated damages;

d.      Award Plaintiff his attorneys' fees and costs;

e.      Award Plaintiff all recoverable interest; and

f.      Award any other relief this Honorable Court deems just and proper.

### JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated:  September 4, 2019

                                                          Respectfully submitted,

*s/ J. Freddy Perera*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pererabarnhart.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pererabarnhart.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pererabarnhart.com
**PERERA BARNHART, P.A.**
12555 Orange Drive, Second Floor
Davie, Florida 33330
Phone: 786.485.5232
*Attorneys for Plaintiff*